# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IRVIN MAURICE HAZEL, ) | |
| ) | No. 2:05-cr-0722 |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| _____ ) | |

     This matter is before the court on petitioner Irvin Maurice Hazel's motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss, or in the alternative, a motion for summary judgment. For the reasons set forth below, petitioner's motion is denied, and the government's motion for summary judgment is granted.

## I. BACKGROUND

     Petitioner pled guilty on January 3, 2006 to: (1) possession of cocaine and marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(D); (2) unlawful transportation of firearms, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(e)(1); and (3) using a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The court found that petitioner's prior convictions for possession of marijuana with intent to distribute and assault with intent to kill classified petitioner as a career offender under 21 U.S.C. § 851 and U.S.S.G. § 4B1.1. The court sentenced petitioner to a total of 262 months' imprisonment based on the career offender enhancement, entering the judgment on May 23, 2006. On February 10, 2012, petitioner filed this motion arguing that there

had been a subsequent change in law which affected his substantive rights. The government responded to petitioner's motion on March 28, 2012, and moved to dismiss the claim, or in the alternative, for summary judgment. Petitioner filed a response on April 27, 2012.

According to Hazel, <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), and <u>Carachuri-Rosendo v. Holder</u>, 130 S.Ct. 2577 (2010), have prompted a retroactive change in law that invalidates the court's use of Hazel's prior convictions to enhance Hazel's sentence, rendering his current sentence in violation of due process. Hazel was sentenced to three years' imprisonment for his prior marijuana conviction, which was suspended to three years' probation, and five years' imprisonment for his prior assault conviction, which was suspended to two years' probation. Hazel argues that, under the new rule effected by <u>Simmons</u> and <u>Carachuri</u>, because he did not actually receive a sentence of more than one year in prison for either of these two prior convictions, these prior convictions no longer support the career offender enhancement to his sentence. Petitioner also claims that his counsel was ineffective because he failed to sufficiently research <u>Simmons</u> and related changes in the law.

## II. STANDARDS

Petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Hazel bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Summary judgment is appropriate when, after considering the full evidentiary record, there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The nonmovant must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. Evidence should be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A mere "scintilla" of evidence will not preclude summary judgment, however. Id. at 262.

### III.  DISCUSSION

#### A.  Procedural Issues

Motions pursuant to 28 U.S.C. § 2255 must be filed within one year of the latest of four events listed in the statute. The relevant cutoff date pursuant to § 2255(f)(3) is one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Petitioner's alleged "newly recognized right" comes from <u>Carachuri-Rosendo v. Holder</u>, which was decided on June 14, 2010. Petitioner filed his motion on February 10, 2012, more than a year after <u>Carachuri</u>. Petitioner argues that his motion was not untimely because a prison lockdown prevented him from accessing legal resources.[1] An additional obstacle facing petitioner is that § 2255(f)(3) states that the Supreme Court must recognize the new right *and* make the new right retroactively applicable to cases on collateral review. The Supreme Court has not yet held that <u>Carachuri</u> is retroactive to cases on collateral review, <u>see</u> <u>Webb v. Rivera</u>, No. 11-3264, 2012 WL 1015574, at *4 (D.S.C. Feb. 27, 2012), and it appears that this issue may be before the Fourth Circuit at this time. <u>United States v. Powell</u>, No. 11-6152, 2012 WL 1499396 (4th Cir. filed Feb. 2, 2011). Because petitioner's arguments fail on the merits, this court will assume, without deciding, that <u>Carachuri</u>, <u>Simmons</u>, and <u>United States v. Thompson</u>, No. 11-5059, 2012 WL 1592991, at *2 (4th Cir. May 8, 2012), can apply retroactively and govern a defendant's classification as a career criminal, pursuant to the sentencing guidelines.

Section 2255(f)(1) is the only other subsection potentially applicable in the instant case, and sets the time limit as one year after "the date on which the judgment of conviction becomes final." Petitioner's conviction became final in 2006; his motion is thus untimely under § 2255(f)(1) as well as (f)(3).

---

[1] Petitioner did not indicate in his response how long he was in lockdown, but it is questionable whether any amount of time spent in lockdown would be grounds for permitting equitable tolling. <u>See</u> <u>United States v. Anderson</u>, No. 04-0353, 2012 WL 1594156, at *2 (D.S.C. May 7, 2012); <u>but</u> <u>see</u> <u>Akins v. United States</u>, 204 F.3d 1086 (11th Cir. 2000).

B.  **Substantive Issues**

Petitioner relies on United States v. Thompson, 826 F.Supp.2d 863 (E.D.N.C. 2011), as the basis of his argument that his prior convictions do not classify him as a career offender. Since petitioner filed his motion, that opinion has been vacated. In overturning the district court's decision in Thompson, the Fourth Circuit explained that:

> Pursuant to Simmons, in evaluating whether a defendant's prior state conviction qualifies as a felony . . ., the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a *potential* sentence of greater than one year of imprisonment. Thus, following Simmons, a court must analyze whether the particular defendant, rather than a defendant with the worst possible criminal history, *could have* received a sentence in excess of one year for the offense,

United States v. Thompson, 2012 WL 1592991, at *2 (emphasis added), for the crime of which he was "actually convicted." Carachuri, 130 S.Ct. at 2589.

Petitioner claims that because he was sentenced to less than one year of imprisonment for his two prior offenses, neither may count as a prior felony for the purposes of his federal sentences. However, petitioner was subject to more than one year of imprisonment for both his prior marijuana and assault convictions, of which he was "actually convicted." Indeed, petitioner received sentences for more than a year of imprisonment, though those sentences were suspended. Whether or not a defendant was actually incarcerated for any time period is irrelevant to the determination of whether that defendant's prior crimes are "felonies" for the purposes of sentencing.

Petitioner's prior convictions were therefore undoubtedly "punishable" by imprisonment of more than one year, and are consequently valid bases for petitioner's

classification as a career offender. Petitioner's request for re-sentencing is therefore denied.

### C. Ineffective Assistance of Counsel

Petitioner alleges that his defense counsel was ineffective based on counsel's supposed failure to research changes in relevant law effected by Carachuri and Simmons. This claim is invalid not only because petitioner's understanding of Simmons and Carachuri is fatally flawed, as previously discussed, but also because the relevant changes in law took place long after petitioner's trial and conviction. Therefore, petitioner has failed to show any grounds for ineffective performance by his counsel.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the government's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 20, 2012**
**Charleston, South Carolina**