IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IRVIN MAURICE HAZEL, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:05-cr-722-DCN-1 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court upon petitioner Irvin Maurice Hazel's ("Hazel") motion to vacate pursuant to 28 U.S.C. § 2255, ECF No. 66, and the United States of America's ("the government") motion to dismiss, ECF No. 79. For the following reasons, the court denies Hazel's § 2255 motion and grants the government's motion to dismiss.

## I. BACKGROUND

On January 3, 2006, Hazel pleaded guilty to possession with the intent to distribute cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D); being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1); and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). On May 11, 2006, this court sentenced Hazel to a term of 262 months' imprisonment after finding that he was a career offender under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") §§ 4B1.1 and 4B1.2. At the time, the Sentencing Guidelines were advisory, not mandatory.

Hazel filed his first motion pursuant to 28 U.S.C. § 2255 on February 10, 2012, ECF No. 47, which was denied on the merits on June 20, 2012, ECF No. 55. Hazel then sought authorization from the Fourth Circuit to file a successive 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015). The Fourth Circuit granted authorization on June 21, 2016, ECF No. 66-1, and Hazel filed his motion on the same day, ECF No. 66. The court stayed the case on August 4, 2016 pending the outcome of Beckles v. United States, 137 S. Ct. 886 (2017). ECF No. 71. The court subsequently lifted the stay on November 22, 2019, ECF No. 72, and the government filed a motion to dismiss on January 7, 2020, ECF No. 79. Hazel responded to the motion on January 8, 2020. ECF No. 80.

## II. STANDARD

Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence.[1] See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

---

[1] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court has reviewed the record in this case and has determined that a hearing is not necessary.

## III. DISCUSSION

Hazel argues that he is entitled to relief under § 2255 because in light of Johnson, he no longer qualifies as a career offender under the Sentencing Guidelines. Hazel explains that Johnson held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague, and "[i]t follows from Johnson that the identical residual clause in the Guidelines is also void for vagueness." ECF No. 66 at 4. As such, Hazel argues, his career offender designation can only stand if his conviction for assault with the intent to kill qualifies as a crime of violence under the Sentencing Guideline's enumerated clause or elements clause. Hazel contends that his conviction does not fall within either clause, meaning that he is entitled to relief.

In its motion to dismiss, the government argues that Hazel's 2255 motion should be denied on two grounds. First, the government contends that Hazel failed to obtain authorization from the Fourth Circuit prior to filing his 2255 motion, which warrants dismissal of his motion. As discussed above, Hazel did obtain authorization from the Fourth Circuit; therefore, the court declines to dismiss Hazel's motion on this ground.

Next, the government argues that Hazel's motion fails on the merits because the Beckles court held that Johnson does not apply to the advisory Sentencing Guidelines. The court agrees. Beckles clearly held that § 4B1.2(a)'s residual clause in the advisory Sentencing Guidelines is not unconstitutionally vague. 137 S. Ct. 886. Therefore, Beckles precludes Hazel's argument that the residual clause of § 4B1.2(a) is unconstitutionally vague based on Johnson.

Despite Beckles's clear holding, Hazel argues that Beckles is not fatal to his 2255 motion. Hazel explains that after Beckles, the Supreme Court applied Johnson to hold

3

that the residual clause of 18 U.S.C. § 16(b) is also unconstitutionally vague in <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018). Hazel then notes that Chief Justice Roberts stated in his dissent that "§ 16 serves as the universal definition of 'crime of violence' for all of Title 18 of the United States Code." <u>Sessions</u>, 138 S. Ct. at 1421 (Roberts, C.J. dissenting). Hazel argues that as such, the statute authorizing the Sentencing Commission to promulgate the Sentencing Guideline's career offender designation, 28 U.S.C. § 994, bases its definition of a "crime of violence" on 18 U.S.C. § 16(b), meaning that the holding of <u>Dimaya</u> extends to the Sentencing Guidelines through 28 U.S.C. § 994. While this argument is an interesting attempt to circumvent <u>Beckles</u>'s holding, it does not convince the court that it can ignore <u>Beckles</u>'s explicit conclusion that the advisory Sentencing Guidelines's residual clause is not void for vagueness. Because Hazel's motion is based on his challenge to his career offender designation under the advisory Sentencing Guidelines, <u>Beckles</u> clearly applies, and Hazel's argument that the residual clause is unconstitutional fails. The court cannot ignore binding Supreme Court precedent. Even if Hazel's predicate convictions did not qualify as a crime of violence under the elements clause or force clause, as Hazel argues, Hazel provides no argument as to why those convictions do not fall within the still-valid residual clause. Therefore, the court denies Hazel's motion and grants the government's motion.

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists

would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Hazel does not meet this standard because there is nothing debatable about the court's resolution of his 2255 petition.

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** Hazel's § 2255 motion and **GRANTS** the government's motion to dismiss.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**January 28, 2020**
**Charleston, South Carolina**